### BISSEL V. SOUTHWORTH.

Where a private river divides between adjoining proprietors, that no division fence can be made in the line — it is a case omitted in the law, and must be ruled by principles of reason and common justice.

ACTION of trespass, declaring that the defendant's cattle got into the plaintiff's inclosure, bounding upon Nachauge river and ate up his corn and grass, etc. Plea not guilty. Issue to the jury.

The facts in the case as admitted were — Nachauge is a small river, dividing the lands of the plaintiff and defendant; the plaintiff ploughed and mowed his side and the defendant pastured on his side; the river was no fence, and it was impracticable to maintain a fence in the dividing line between them, and very difficult keeping a fence on the banks of the river; the defendant turned his cattle into his pasture, and

they went across the river into the plaintiff's land, and ate his corn and grass.

Verdict upon second consideration, was for the plaintiff.

The court in giving their reasons to the jury, agreed, that where a river, which is not navigable, divides between two adjoining proprietors, their lands meet in the middle of the river; and where lands are so situated that a division fence cannot be maintained in the dividing line, it is a case not provided for in the statute, and must be governed by the principles of reason and justice; and he that keeps cattle, must so keep them, as to prevent their injuring the property of others. The improvement of lands by ploughing and mowing, is of great public utility, it is therefore to be encouraged and protected; and the defendant's turning his cattle upon his own land knowing of the situation, was a trespass upon the plaintiff.